# IN THE COURT OF APPEALS OF IOWA

No. 19-1343
Filed November 6, 2019

**IN THE INTEREST OF L.H.,**
**Minor Child,**

**R.H., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

A father appeals a dispositional-review order in a child-in-need-of-assistance proceeding. **AFFIRMED.**

Jean Capdevila, Davenport, for appellant father (until withdrawal).

R.H., Dixon, pro se appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Rebecca G. Ruggero, Davenport, guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

A father appeals a dispositional-review order in a child-in-need-of-assistance (CINA) proceeding. He argues the juvenile court erred in finding the Iowa Department of Human Services (DHS) made reasonable efforts toward reunification and in failing to change the child's placement.[1]

This is the second appeal brought by the father regarding this child. In the first appeal, this court affirmed the juvenile court's removal, adjudicatory, and dispositional orders. *In re L.H.*, No. 19-0931, 2019 WL 5063336, at *1 (Iowa Ct. App. Oct. 9, 2019). This court's prior opinion sets out the facts of this family's history through May 2019. *Id.* at *1–2. Following the May hearing, the father filed a motion asking the court to relocate the child's placement from a maternal relative placement to the paternal grandfather's home.[2] On June 5, the parents were

---

[1] The father also argues the juvenile court applied the incorrect standard in finding DHS made reasonable efforts. The father specifically targets the juvenile court findings that a substance-abuse evaluation recommended treatment and he does not have strong parenting skills. However, it does not appear the improper-standard issue was ever raised before the juvenile court. Error has not been preserved on this issue. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

[2] The father argues the motion also requested a finding DHS had not made reasonable efforts toward reunification. The father argues reasonable efforts were not provided because all visits should have taken place in the home, visits were missed and were not made up, and parenting classes should have been offered from the beginning of the family's case. The hearing transcript reveals the parents were participating in in-home visitation with the child once per week. However, the record reveals the father only requested more in-home visitation, by motion and at the hearing, and responded "no" when asked at the hearing if additional services were requested. A reasonable-efforts challenge must be raised at the time services are offered. *In re S.J.*, No. 14-0978, 2014 WL 4231161, at *2 (Iowa Ct. App. Aug. 27, 2014). The record indicates the only missed visit that was not made up occurred approximately one week prior to the hearing; the record does not reveal a demand for a make-up visit. Furthermore, the record indicates the father resisted and refused parenting classes rather than requesting them. Because the reasonable efforts of making up missed visits and parenting classes were not raised, we find error was not preserved as to those issues. *See Meier*, 641 N.W.2d at 537.

notified the child would be moved to the paternal grandfather's home on June 8.[3] The guardian ad litem (GAL) representing the child filed a motion on June 6 to enjoin the placement change. The GAL's motion requested a gradual transition plan.

Hearing on the father's motion took place on July 22. The juvenile court stated the paternal grandfather's home was not an appropriate placement option if the parents failed to reunify. The motion was denied, and court ordered the child to remain in his placement until he is returned to a parental placement. The order also noted the only service requested other than the placement change was for more visitation. The father appeals.

CINA proceedings are reviewed de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). Fact findings of the juvenile court are given weight but are not binding. *Id.* The court's "primary concern is the child[]'s best interests." *Id.* In CINA proceedings, the State must "prov[e] the allegations by clear and convincing evidence." Iowa Code § 232.96(2) (2018). Evidence is clear and convincing "when there are no 'serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence.'" *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017) (quoting *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

The father argues the juvenile court erred in finding DHS made reasonable efforts toward reunification because all visits should have been in-home visits. The

---

[3] The record shows the mother separated from the father and left the family home at some point. However, there was conflicting information as to whether their romantic relationship was ever discontinued. Although the mother did request separate visitation with the child, that request was quickly withdrawn and both parents exercised visitation together. It does not appear the mother had moved back into the family home at the time of the July 22 hearing.

father also argues the district court erred in failing to place the child in the home of the paternal grandfather. Reasonable efforts are those made to:

> eliminate the need for removal or make it possible for the child to safely return to the family's home. . . . A child's health and safety shall be the paramount concern in making reasonable efforts. Reasonable efforts may include but are not limited to family-centered services, if the child's safety in the home can be maintained during the time services are provided.

Iowa Code § 232.102(12)(a). Courts consider the following reasonable-efforts factors:

> (1) The type, duration, and intensity of services or support offered or provided to the child and the child's family. If family-centered services were not provided the court record shall enumerate the reasons the services were not provided, including but not limited to whether the services were not available, not accepted by the child's family . . . .
> (2) The relative risk to the child of remaining in the child's home versus removal.

*Id.* § 232.102(12)(a)(1), (2). Family-centered services are "services and other support intended to safely maintain a child with the child's family or with a relative, to safely and in a timely manner return a child to the home of the child's parent or relative, or to promote achievement of concurrent planning goals" *Id.* § 232.102(12)(b). Reasonable efforts focus on improving parenting and include visitation. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000).

At the time of the July 22 hearing, the parents had two weekly visits with the child, one visit per week was in the parental home and another was in the community.[4] Weekend visits at the paternal grandfather's home also provided more contact between the father and child. The juvenile court indicated any

---

[4] It appears this schedule had only been in place for approximately one week at the time of the hearing.

recommended substance-abuse treatment must be completed before full-time in-home visitation could progress. The juvenile court also denied the motion for a change in the child's placement, stating a preference for keeping the child in a long-term placement until the child is able to return to a parental home.

The record in this case reveals the father has consistently exercised visitation with the child but has been reluctant to participate in certain services, including substance-abuse and psychological evaluations. Although a substance-abuse evaluation had been completed at the time of the hearing, no report had been submitted to the court.[5] A psychological evaluation was scheduled to take place in August.[6] However, both of these evaluations were ordered several months ago, and the father consistently resisted completion of the evaluations. Furthermore, although the father now argues parenting classes should have been offered, the record reveals he has repeatedly refused the service. The father's most recent resistance to participating in parenting classes is described in a case note dated July 30. The case notes show parenting training finally began in August. Our focus is on the services provided and the father's response to those services, not on services he now claims the State failed to provide. *Id.* at 494. We find the State met its reasonable-efforts mandate as to visitation.

Turning to the child's placement, the record shows the child has been in a safe, stable relative placement for the pendency of proceedings. Although the placement is more than one hour away from the father's home, the distance has

---

[5] The record indicates a prior substance-abuse evaluation had been requested but was not completed because the father refused to discuss his pending criminal drug charges.
[6] This court is not aware if the psychological evaluation took place.

been overcome by visits taking place in a neutral location between the parental home and the child's placement.  Furthermore, one visit per week now takes place in the parental home and weekend visits take place at the paternal grandfather's home.  Moreover, the record shows DHS workers do not believe the paternal grandfather's home is an appropriate long-term placement if the child's parents do not reconcile.

On our de novo review, we find DHS has made reasonable efforts toward reunification and clear and convincing evidence supports the juvenile court's denial of the motion for change of placement.

**AFFIRMED.**